IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Richard Johnson,<br><br>    Plaintiff,<br><br>  v.<br><br>Barry Flannery,<br><br>    Defendant. | Case No. 3:21-cv-50421<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Johnson brings this retaliation suit against his landlord, Barry Flannery, under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. Because the Court granted Johnson's motion to proceed *in forma pauperis*, the Court is obligated to screen his complaint for frivolity, for failure to state a claim, and for pursuing damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

In an effort to effectuate that obligation, the Court has repeatedly instructed Johnson that his complaint is deficient and instructed him to amend. Even though the Court has been clear that Johnson was *ordered* to amend his complaint, Johnson has consistently filed motions to amend his complaint. That is not the same thing as actually filing an amended complaint, as he was instructed to do. Nevertheless, even if the Court were to construe his "motions" to amend as actual amended complaints, he has failed (repeatedly) to state a claim on which relief can be granted.

1

Johnson's original complaint alleged that his landlord had refused to make necessary repairs even though he was ordered to do so by the health department. Dkt. 1. He then filed a motion to amend his complaint on November 9, 2021, which the assigned magistrate judge struck because he was already granted leave to amend. Dkts. 4, 5. The next day, Johnson filed an amended complaint. That amended complaint merely alleged that Flannery "is in violation of fair housing act for building codes and health and safety issues." Dkt. 6, at 4. He then filed another motion to amend the complaint two days later, which the magistrate judge again struck as duplicative.

Undeterred, Johnson filed another motion to amend the complaint the next day, in which he expressed confusion over what part of the complaint needed to be amended. Dkt. 9. That same day, this Court explained that even though Johnson cited the Fair Housing Act, he had not alleged that he was discriminated against or that his landlord otherwise violated the Fair Housing Act. The Court further explained that Johnson's allegations amounted to a local landlord-tenant dispute, which should be filed in state court, not federal court. Still, the Court gave Johnson more time (until December 10, 2021) to amend his complaint to allege a violation of the Fair Housing Act or to stipulate to dismissal without prejudice to refile in state court. Dkt. 10.

Notwithstanding the order to amend his complaint, Johnson again filed a motion to amend, rather than an actual amended complaint. Dkt. 11. In that motion, he further explained that his landlord had discrimination against him and

2

retaliated against him because he called a government agency seeking repairs on the property. He explained that Flannery had told Johnson to "get out the [sic] because I am just the black people but I am not black person I the plaintiff Richard Johnson is very much white and the defendant kept calling me black." Dkt. 11. The motion to amend further reiterated that Flannery was in violation of building codes and health and safety regulations. *Id.*

In response, the Court again explained that Johnson did not need to file a motion to amend, that the Court in fact ordered him to amend his complaint to include all of his allegations. Dkt. 12. The Court further explained that the allegations (even considering those in the motions) failed to state a claim under the Fair Housing Act. *Id.*

Notwithstanding the clarity of the Court's order, Johnson filed another motion to amend his complaint. Dkt. 13. In that motion, he explained that Flannery used a racial slur and called him a person of color many times, even though Johnson is white. He further noted that this was happening because of Johnson's complaint to the government agency about Flannery's failure to make repairs on the property. The same day, the Court again explained that Johnson did not need to file a motion to amend his complaint, and that he was ordered to do so, and has shown that he knows how. Dkt. 14. The Court further noted that the December 10, 2021, deadline remained in place and Johnson needed to amend by that date. Furthermore, the Court directed him to the Court's "Information for People without Lawyers" webpage for advice on how to continue with the litigation. *Id.*

3

By December 30, 2021, Johnson had still failed to amend his complaint. The Court again explained that his "motions" to amend were not actual amendments, and again extended his deadline to file a complaint that states a claim. The Court gave him until January 21, 2022. Dkt. 15. Johnson has now filed another motion to amend his complaint, notwithstanding the repeated instruction that he does not need to ask permission to do what the Court has ordered him to do.

In that latest motion to amend, Johnson insists that Flannery retaliated against him in violation of the Fair Housing Act because Johnson called the government agency about the living conditions of the rental property. Dkt. 16. As Johnson sees it, Flannery retaliated against Johnson for exercising his rights under the Fair Housing Act. The Fair Housing Act protects tenants from retaliation:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [42 U.S.C. §§ 3603, 3604, 3605, or 3606].

42 U.S.C. § 3617. Section 3603 provides for certain exceptions and definitions. Section 3606 is inapplicable here because it deals with brokerage services. Sections 3604 and 3605 prohibit landlords from refusing to rent or sell property, or otherwise discriminate, based on a person's race, color, religion, sex, familial status, or national origin. If a landlord retaliates against a tenant or prospective tenant for exercising their rights under those provisions, then that person may have a retaliation claim under the Fair Housing Act. *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018) (To prove retaliation, a plaintiff must

4

show that: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two."). "Like all anti-retaliation provisions, it provides protections not because of who people are, but because of what they do." *Id.*

Johnson, however, has not alleged that he was retaliated against for exercising one his rights under one of those provisions. Instead, he alleges that he was retaliated against for reporting Flannery to the local health department for failure to provide appropriate living conditions. That may be retaliation, but it is not retaliation under the Fair Housing Act. And Johnson's references to racial language from Flannery do not save his claim. Johnson has alleged that he is not black. He explained to the Court that he is white, and Flannery has called him black. That is not enough for retaliation, which focuses not on who the plaintiff is, but what he did. *Wetzel*, 901 F.3d at 868. Because what Johnson did is not a protected activity under the Fair Housing Act, the alleged retaliation from Flannery is not cognizable under the Fair Housing Act's anti-retaliation provision.

Thus, the Court strikes Johnson's motion to amend [16] and dismisses this suit with prejudice. The Court has given Johnson ample opportunity to state a claim upon which relief can be granted. He has not done so. Civil case terminated.

Date: January 11, 2022

_____
Honorable Iain D. Johnston
United States District Judge

5